**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER ESCARRIA ARENAS, *on behalf of themselves and other similarly situated*, | Civil Action No.: |
| Plaintiff, | |
| - against - | **<u>FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT</u>** |
| NB NET SOLUTION INC,<br>NB NET SOLUTIONS 3 INC,<br>NB NET SOLUTIONS 4 INC,<br>NB NET SOLUTIONS 5 INC,<br>NB NET SOLUTIONS 6 INC,<br>NB NET SOLUTIONS 8 INC,<br>NB NET SOLUTIONS 9 INC,<br>NB NET SOLUTIONS 10 INC,<br>NB NET SOLUTIONS 11 INC,<br>NB NET SOLUTIONS 12 INC,<br>NB NET SOLUTIONS 13 INC,<br>NB NET SOLUTIONS 15 INC,<br>NB NET SOLUTIONS 16 INC,<br>NB NET SOLUTIONS 18 INC,<br>NB NET SOLUTIONS 19 INC,<br>NB NET SOLUTIONS 20 INC,<br>NB NET SOLUTIONS 21 INC,<br>NB NET SOLUTIONS 24 INC,<br>NB NET SOLUTIONS 25 INC,<br>NB NET SOLUTIONS 28 INC,<br>NB NET SOLUTIONS 29 INC,<br>NB NET SOLUTIONS 33 INC,<br>NB NET SOLUTIONS 36 INC,<br>NB NET SOLUTIONS 37 INC,<br>NB NET SOLUTIONS 38 INC,<br>NB NET SOLUTIONS 40 INC,<br>NB NETWORK SOLUTIONS INC.,<br>BAYZEED CHOWDHURY,<br>ANELL CHOWDHURY, and<br>NAIFUR CHOWDHURY            Defendants, | **<u>Jury Trial Demanded</u>** |

Plaintiff Christopher Escarria Arenas on behalf of himself and other similarly situated employees, as class representatives, by and through his undersigned attorney, MOHAMMED GANGAT, ESQ. file this Complaint against defendants, NB NETWORK SOLUTIONS INC., NB NET SOLUTION INC, NB NET SOLUTIONS 3 INC, NB NET SOLUTIONS 4 INC, NB NET SOLUTIONS 5 INC, NB NET SOLUTIONS 6 INC, NB NET SOLUTIONS 8 INC, NB NET SOLUTIONS 9 INC, NB NET, SOLUTIONS 10 INC, NB NET SOLUTIONS 11 INC, NB NET SOLUTIONS 12 INC, NBNET  SOLUTIONS 13 INC, NB NET SOLUTIONS 15 INC, NB NET SOLUTIONS 16 INC, NB NET  SOLUTIONS 18 INC, NB NET SOLUTIONS 19 INC, NB NET SOLUTIONS 20 INC, NB NET  SOLUTIONS 21 INC, NB NET SOLUTIONS 24 INC, NB NET SOLUTIONS 25 INC, NB NET  SOLUTIONS 28 INC, NB NET SOLUTIONS 29 INC, NB NET SOLUTIONS 33 INC, NB NET  SOLUTIONS 36 INC, NB NET SOLUTIONS 37 INC, NB NET SOLUTIONS 38 INC, NB NET  SOLUTIONS 40 INC, NB NETWORK SOLUTIONS INC., BAYZEED CHOWDHURY, ANELL CHOWDHURY, NAIFUR CHOWDHURY, and JOHN DOES # 1-30 (hereinafter collectively, "Defendants") and allege  upon personal knowledge as to themselves and upon information and belief as to other matters,  as follows:

## NATURE OF THE ACTION

1.      Plaintiff allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.       Plaintiff further allege that, pursuant to the New York Labor Law "NYLL", Plaintiff are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2)unpaid "spread of hours" premium for each day they worked in excess of ten

(10) hours; (3)liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3.      In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiff Christopher Escarria Arenas and all other similarly situated employees, were jointly employed by Defendants as retail clerks at Defendants' Boost Mobile retail stores.

7.      Plaintiff Escarria is a resident of the State of New York.

9.      Defendants NB Network Solutions Inc. and NB Net Solutions Inc own and operate a Boost Mobile retail store located at 32 Bedford Park Boulevard, Bronx, New York 10468.

10.      Defendant NB Net Solution Inc owns and operates a Boost Mobile retail store located at 3186B 21st Street, Long Island City, New York 11106.

11.     Defendant NB Net Solution 3 Inc owns and operates a Boost Mobile retail store located at 71 E. Kingsbridge Road, Bronx, New York 10468.

12.     Defendant NB Net Solution 4 Inc owns and operates a Boost Mobile retail store located at 4710 Broadway, Long Island City, New York 11103.

13.     Defendant NB Net Solution 5 Inc owns and operates a Boost Mobile retail store located at 197D Madison Street, New York, New York 10002.

14.     Defendant NB Net Solution 6 Inc owns and operates a Boost Mobile retail store located at 2012 2nd Avenue, New York, New York 10029.

15.     Defendant NB Net Solution 8 Inc owns and operates a Boost Mobile retail store located at 924 Columbus Avenue, New York, New York 10025.

16.     Defendant NB Net Solution 9 Inc owns and operates a Boost Mobile retail store located at 577A Main Street, New Rochelle, New York 10801.

17.     Defendant NB Net Solution 10 Inc owns and operates a Boost Mobile retail store located at 1234 St. Nicholas Avenue, New York, New York 10032. 10. Defendant NB Net Solution 11 Inc owns and operates a Boost Mobile retail store located at 8772 Sutphin Boulevard, Jamaica, New York 11435.

18.     Defendant NB Net Solution 12 Inc owns and operates a Boost Mobile retail store located at 30 S. Main Street, Port Chester, New York 10573.

19.     Defendant NB Net Solution 13 Inc owns and operates a Boost Mobile retail store located at 21-16 36th Avenue, Long Island City, New York 11106.

20.     Defendant NB Net Solution 15 Inc owns and operates a Boost Mobile retail store located at 9205 Jamaica Avenue, Woodhaven, New York 11421.

21.     Defendant NB Net Solution 16 Inc owns and operates a Boost Mobile retail store located at 612 Castle Hill Avenue, Bronx, New York 10473.

22.     Defendant NB Net Solution 18 Inc owns and operates a Boost Mobile retail store located at563 E. Tremont Avenue, Bronx, New York 10457.

23.     Defendant NB Net Solution 19 Inc owns and operates a Boost Mobile retail store located at 544 E. Fordham Road, Bronx, New York 10458.

24.     Defendant NB Net Solution 20 Inc owns and operates a Boost Mobile retail store located at 8206 Roosevelt Avenue, Jackson Heights, New York 11372. 9. Defendant NB Net Solution 21 Inc owns and operates a Boost Mobile retail store located at 4511 Greenpoint Avenue, Sunnyside, New York 11104.

25.     Defendant NB Net Solution 24 Inc owns and operates a Boost Mobile retail store located at 873B Tremont Avenue, Bronx, New York 10457.

26.     Defendant NB Net Solution 25 Inc owns and operates a Boost Mobile retail store located at 2043 Bartow Avenue, Bronx, New York 10475.

27.     Defendant NB Net Solution 28 Inc owns and operates a Boost Mobile retail store located at 971157th Avenue, Flushing, New York 11368.

28.     Defendant NB Net Solution 29 Inc owns and operates a Boost Mobile retail store located at 1047 Westchester Avenue, Bronx, New York 10459.

29.     Defendant NB Net Solution 33 Inc owns and operates a Boost Mobile retail store located at 1938 Nostrand Avenue, Brooklyn, New York 11210.

30.     Defendant NB Net Solution 36 Inc owns and operates a Boost Mobile retail store located at 1261 Castle Hill Avenue, Bronx, New York 10462.

31.     Defendant NB Net Solution 37 Inc owns and operates a Boost Mobile retail store located at 10320 Roosevelt Avenue, Corona, New York 11368.

32.     Defendant NB Net Solution 38 Inc owns and operates a Boost Mobile retail store located at 2042B Rockaway Parkway, Brooklyn, New York 11236.

33.     Defendant NB Net Solution 40 Inc owns and operates a Boost Mobile retail store located at 1692 Pitkin Avenue, Brooklyn, New York 11212 (the corporate defendants listed in Paragraphs 9 through 35 and the John Doe Defendants # 1 – 30 are hereinafter collectively, "Corporate Defendants").

34.     According to the New York State Department of State, Division of Corporations, each Corporate Defendant named herein is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

35.     These separate corporate entities constitute a single joint enterprise under the New York Labor Law as they share centralized management and control, joint ownership, and share employees and other business assets.

36.     Upon information and belief, Defendant Bayzeed Chowdhury, Anell Chowdhury, and Naifur Chowdhury (collectively, the "Individual Defendants") are the

co-owners, shareholders, directors, supervisors, managing agents, and proprietors of the Corporate Defendants.

37.    Each Individual Defendant actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder.

38.    The Individual Defendants are jointly and severally liable with the Corporate Defendants for the wage and hour violations brought in this action.

39.    Upon information and belief, each Individual Defendant is domiciled within the State of New York, and Defendant Anell Chowdhury is the wife of defendant Naifur Chowdhury.

40.    The Individual Defendants are personally involved in managing the employees of the enterprise and scheduling when and where the employees worked.

41.    The Individual Defendants exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

42.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees

engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise  work on goods or materials that have been moved in or produced for commerce, and (ii) had an  annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

43.    Plaintiff at all relevant times was covered employee within the meaning of the FLSA and NYLL.

44.    The Individual Defendants own and operate no less than forty (40) Boost Mobile cellular telephone retail stores throughout the New York counties of New York, Bronx, Kings, Queens, Westchester, and Dutchess, including but not limited to each of the Corporate Defendants named herein.

45.    At all times relevant to this action, Defendants had the power to hire and fire Plaintiff, control the terms and conditions of Plaintiff' employment, and determine the rate and method of Plaintiff's compensation.

46.    Plaintiff were each an "employee" of Defendants as defined by NYLL § 190(2) and 12 NYCRR § 142-2.14.

47.    Defendants are each an "employer" and "employed" Plaintiff as defined by NYLL §§2 (6), 190(3) and 651(6).

48.    From in or about May 2019 until in or about October 2022, Plaintiff Christopher Escarria Arenas was assigned to the following Boost Mobile location: 8206 Roosevelt Avenue, Queens, NY 11372.

49.    Throughout their employment, Plaintiff and other similarly situated employees'

primary duties included providing customer service, doing activations, cleaning the store, and training new workers.

50.    Throughout their employment, Defendants paid Plaintiff and other similarly situated employees a flat, daily rate of pay plus commission.

51.    Throughout their employment, Defendants paid Plaintiff and other similarly situated employees their daily rate of pay in cash on a weekly basis and paid them commission in cash on a monthly basis.

52.    Plaintiff and other similarly situated employees' commission schedules entitled them to commission earned from mobile telephone activations, accepted "BoostUp" offers, "Smartpay" applications, and accessory sales.

53.    Plaintiff and other similarly situated employees were entitled to a $10.00 commission for each "BoostUp" offer and "Smartpay" application.

54.    Plaintiff and other similarly situated employees were entitled to a 10% commission on all accessory sales up to $1000 sold, a 15% commission on all accessory sales between $1001 and $3000 sold, and a 20% commission on all accessory sales greater than $3000 sold.

55.    Plaintiff and other similarly situated employees were entitled to a tiered commission structure based on the number of months a mobile telephone plan was activated for and the type of mobile telephone plan purchased.

56.    Plaintiff and other similarly situated employees activated mobile telephone plans, sold "BoostUp" and "Smartpay" services, and sold accessories during their employment with

Defendants. As such, Plaintiff and other similarly situated employees were entitled to commissions for this work.

57.    Despite earning these commissions, Defendants regularly and frequently failed and refused to pay Plaintiff and other similarly situated employees the full amount of the commissions that were due and owing. In fact, Defendants refused to even provide Plaintiff and other similarly situated employees with an accounting of what they sold, how much commissions they earned, and how much they were actually paid.

58.    Defendants implemented and maintained a universal policy of illegally deducting money from Plaintiff and other similarly situated employees' weekly wages and monthly commissions. Defendants would deduct an amount far greater than the value of time involved in Plaintiff' lateness. For example, being 5 minutes late amounted to $10 deduction, which was greater than or equal to Plaintiff' regular hourly rate.

59.    Defendant made such deductions for, among other things, failing to clock in or out  at the proper time, turning away customers after the retail stores had already closed, failing to  provide receipts to customers, taking more than a five-minute break during the day, sitting down  during their shifts, failing to clean, failing to take inventory, failing to attend meetings, not responding to text messages and social media messages, and not wearing the proper uniform. Additionally, Defendant required Plaintiff and other similarly situated employees to pay back any shortages from the register and pay any replacement costs for lost keys and locksmith services.

60.    From in or about March 2019 until in or about October 2022, Plaintiff Christopher Escarria Arenas worked a regular schedule of six days per week from 10am-8pm without uninterrupted meal breaks. However, Plaintiff was routinely required to stay past 8pm to

complete customer transactions and attend to the resets of the store.

61.    During the employment, Plaintiff Christopher Escarria Arenas regularly worked at least sixty-one (61) hours per week.

62.    During the employment, Plaintiff Christopher Escarria Arenas was paid $12.50 an hr. at the start of employment and ended employment at $13.00 an hr. in 2022.

63.    Defendants failed to keep proper time records, including by manipulating electronic records in order to prevent the company's software and internal systems from reflecting all hours worked by Plaintiff and in order to reflect Plaintiff worked fewer hours than they in fact had worked.

64.    Plaintiff routinely worked in excess of forty hours per week and paid a straight time rate for all hours at $12.50 – 13.00 per hour.

65.    Plaintiff worked shifts in excess of ten hours per day for Defendants during the employment period and were not paid a spread of hours premium as required under New York Labor Law.

66.    Defendants never paid Plaintiff an overtime premium, and instead paid straight time rates for overtime hours.

67.    A comparison of the wages Defendants paid to the Plaintiff against the wages that were due under New York wage-and-hour laws, specifically, (i) the New York State mandated minimum wage; (ii) the New York State mandated overtime wage; and (iii) the New York State required spread of hours laws, reveals that this Plaintiff has been grossly underpaid.

68.    Defendants did not provide Plaintiff with a wage notice at the time of hiring containing information outlined in NYLL § 195(1), including information such as the rate of pay and any allowances or credits claimed as part of the minimum wage.

69.    Defendants did not provide Plaintiff with weekly wage stubs or statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

70.    Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff' hours and wages in violation of the New York Labor Law §§ 195, 661.

71.    At all relevant times, upon information and belief, and during the course of Plaintiff' employment, Defendants failed to maintain accurate and sufficient time and pay records.

72.    The relevant statutory period for purposes of this suit is the six years preceding the date of the filing of the complaint.

73.    Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the FLSA and New York Labor Law.

74.    Defendants knowingly and willfully failed to pay Plaintiff their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

75.     Defendants knowingly and willfully failed to pay Plaintiff their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law. 55. Defendants knowingly and willfully failed to pay Plaintiff their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

## CLASS ACTION ALLEGATIONS

76.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there  are more than fifty (50) Collective Action Members who worked for the Defendants during the  Collective Action Period, most of whom would not be likely to file individual suits because they  lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

77.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff have no interests that are contrary to or in conflict with those members of this collective action.

78.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect  to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

79.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

80.    Question of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action
        Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records
        for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty
        to maintain time records;

    d. Whether the Defendants' violations of the FLSA are willful as that term is
        used within the context of the FLSA; and,

    e. Whether the Defendants are liable for all damages claimed hereunder,
        including but not limited to compensatory, liquidated and statutory damages,
        interest, attorneys' fees, and costs and disbursements.

      f. Whether the Defendants failed to pay Plaintiff and the Collective

         Action Members minimum wages for all hours worked; and

      g. Whether the Defendants failed to pay Plaintiff and the Collective

         Action Members for hours worked in excess of 40 hours per

         workweek.

81.      Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

82.      Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

83.      Plaintiff possess direct first-hand knowledge that the wage and hour policies complained of herein were imposed on all employees of the enterprise. This is from the fact that Plaintiff worked at multiple locations and had conversations with other employees where these issues were discussed.

## CLASS ACTION ALLEGATIONS

84.      Plaintiff sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

85.      In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former employees paid a day-rate for working any Defendant during the six year period prior to the filing of the complaint.

86.      Upon information and belief, the persons in the Proposed Class are so numerous

that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

87.    The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. 69. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

88.    Plaintiff have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

89.    Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understand that, as a class representative, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

90.    Plaintiff recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understand that in order to provide adequate representation, they must remain informed of litigation

developments and that they may be called upon to testify in depositions and at trial.

91.    Plaintiff have the same interests in this matter as all other members of the Proposed Class, and Plaintiff' claims are typical of the Proposed Class.

92.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether the Defendants failed to pay Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e. Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I

### FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

93.     Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "74" of this Complaint as if fully set forth herein.

94.      At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

95.     Plaintiff are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

96.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

97.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

98.     Plaintiff were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

99.    Plaintiff were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

100.    Defendants failed to pay minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA. 83. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

101.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

102.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

103.    Defendants have failed to make, keep and preserve records with respect to each of the Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

104.    Defendants failed to properly disclose re apprise Plaintiff of their rights under the FLSA.

105.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff are entitled to liquidated damages pursuant to the FLSA.

106.    Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

107.    Plaintiff are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

108.    Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "90" of this Complaint as if fully set forth herein. 92. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the New York State minimum wage, the New York State overtime rate (of time and one-half), in direct violation of the New York Labor Law and the supporting New York  State Department of Labor Regulations.

109.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

110.    At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

111.    At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times their effective regular rate of pay

and/or at least 1.5 times the applicable NYS minimum wage rate, for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its  implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

112.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12

113.     At all times relevant to this action, Plaintiff worked a spread of hours of more than ten (10) hours in a day for some or all days, but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq., including 12 NYCRR § 142-2.4.

114.    Due to Defendants' NYLL violations, Plaintiff are entitled to recover from Defendants, their unpaid overtime, minimum wage and spread of hours compensation, maximum liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

## COUNT III

### NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brought on behalf of Plaintiff and the Proposed FLSA Collective*

115.    Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "98" of this Complaint as if fully set forth herein. 100. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 193, 195 and 198.  101. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff are therefore entitled to and seeks to recover in this action

the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

116.    At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

117.    Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff are entitled to recover from Defendants, his unpaid wages (nonovertime and overtime wages), maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## COUNT IV

### NYLL - Failure to Pay Wages in Violation of New York Labor Law Section 191 *Brought on behalf of Plaintiff and the Proposed FLSA Collective*

118.    Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "99" of this Complaint as if fully set forth herein.

119.    Defendants failed to pay Plaintiff all wages due within the meaning of the New York Labor Law as a routine matter of practice and also when enforcing their policy of making deductions from Plaintiff' wages for things such as lateness or mistakes at work.

120.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff.

121.    Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a).

123.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant compensatory damages in an amount to be determined at trial, plus the amount of their untimely paid wages as liquidated damages, plus reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Escarria Arenas, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

A. As to the **First Cause of Action** and **Second Cause of Action**, award Plaintiff unpaid wages, including unpaid minimum wages, overtime pay and spread of hours pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and NYLL and an award of prejudgment and post-judgment interest for the Plaintiff and all others similarly situated;

B. As to the **Third Cause of Action**, award statutory damages;

C. As to the **Fourth Cause of Action**, award s unpaid wages;

D. As to all causes of action, award reasonable attorneys' fees, costs, and expenses; liquidated damages; prejudgment interest; and such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all issues.

Dated:   New York, NY                          ***Respectfully Submitted,***
         March 14, 2023

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com