# Law Office of Mohammed Gangat

675 3rd Ave, Su 1810, NY, NY 10017

(718) 669-0714  mgangat@gangatpllc.com

May 1, 2023

<u>Via ECF</u>

Honorable Magistrate Judge Ramon E. Reyes, Jr
U.S District Court, Eastern District of New York
225 Cadman Plaza E,
Brooklyn, NY 11201

  <u>Re</u>:  <u>Christopher Escarria Arenas v. NB NET SOLUTION INC, et. al.;</u>
     <u>Case No. 1:23-cv-01934-EK-RER</u>

  I am counsel for plaintiff Christopher Escarria Arenas ("Plaintiff") in the above-referenced action (the "Action"). Plaintiff submits this letter motion to seek approval of the settlement agreement (the "Agreement") attached hereto as Exhibit A. Counsel for the defendants in this action have reviewed this letter and informed me they have no objection to this letter motion being filed, or the relief sought.

  The Agreement is in line with the mandate to review and approve settlements of claims under the Fair Labor Standards Act ("FLSA"), as set forth in the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2015), *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 33536 (S.D.N.Y. 2012), and related cases.

  The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206. None of those red flags are present here. The release is limited. There is no confidentiality provision. And, the Plaintiff's attorney will receive what is usually received by Plaintiff's attorneys in FLSA cases, 33.3 percent of the net recovery after expenses.

  The *Wolinsky* case set forth the following factors to determine whether an FLSA settlement should be approved.

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Medley v. Am. Cancer Soc.,* No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y.

> July 23, 2010); *see also, e.g., Dees,* 706 F.Supp.2d at 1241, 1244; *cf. Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41, 54 (E.D.N.Y.2010) (identifying nine factors that should be considered in assessing the fairness of a proposed *class* settlement, seven of which would also be relevant in assessing the fairness of a proposed settlement in an individual FLSA case).

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

Plaintiff's complaint in this action brings claims under the FLSA and New York Labor Law ("NYLL") for unpaid wages; specifically, unpaid overtime and unpaid spread of hours pay. The parties engaged in settlement negotiations over the course of several weeks. The parties have agreed to resolve the claims for $31,000. In the circumstances the *Wolinsky* factors are well satisfied.

The first three factors all weigh in favor of approving the settlement when you consider that Plaintiff's primary motivation in settling is the fact that defendants operated in New York at one time more than 20 retail cell phones stores, and Plaintiff believes currently they are operating zero. Plaintiff believes judgments against the corporate entities are judgments against companies with no assets currently, and no possibility of having assets in the future.  Plaintiff understands Defendants likely wish to settle given potential individual liability. Plaintiff's investigation into the individual defendants, however, reveals significant issues when it comes to whether a judgment can be successfully enforced against individual defendants.  In sum, Plaintiff is motivated to settle by the risk that these defendants may not be able to pay any judgment Plaintiff may win.

The first three factors can all be weighed based on this conclusion that Plaintiff has drawn about collectibility.  The first factor asks about the range of possible recovery.  While the Defendants disagree with Plaintiff's liability and damages contentions, the Plaintiff calculated potential recovery as overtime wages of $76,635.90 plus prejudgment interest; liquidated damages in the amount of 100% of his unpaid wages; statutory damages of $10,000.00; and prevailing party attorneys' fees and costs. While that is a very large recovery and $31,000 represents a small fraction of the recovery, Plaintiff is still very well served to settle for $31,000 given his investigation into the Defendants' financial condition.

The second factor asks the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.  Here, the biggest burden Plaintiff wants to avoid is spending the time and effort of getting a judgment, and not recovering anything in the end.  Indeed, Defendants have made the point that by the time a judgment is entered, if it is entered, Defendants will have spent significant money on attorneys' fees and not have anything to offer to pay the judgment.

The third factor asks about the seriousness of the litigation risk.  Here, Plaintiff is confident he can win a judgment but not at all confident he will have any recovery on any judgment.  Plaintiff wants to avoid the risk and take the cash.

  The fourth and fifth factors ask: 4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.  Here, the settlement was negotiated with experienced counsel on both sides.  I negotiated with an attorney from the Pardalis & Nohavicka law firm, who I know to be experienced in wage and hour cases, as I have negotiated with them before in other FLSA cases.  I understand they have accepted and waived formal service and not drafted an answer while engaging in the negotiations leading to the settlement being proposed for approval in this action in an attempt to keep costs down for their clients.

  As to the possibility of fraud or collusion, I can say as an honorable officer of this Court, that for the past 5 years I have been focused on prosecuting wage and hour actions and this is one of many fair, and reasonable compromises of an FLSA case that I have been involved in.  While the Defendants disagree, the Plaintiff alleges that he was paid a day rate and worked in excess of 40 hours per week.  The employment lasted many years and the Plaintiff contends he is owed significant damages.  If the Defendants were an operating entity with 20 stores like they once were, I believe this case could settle for very close to full damages.  Here, the corporate Defendants are completely out of business to my knowledge.  And the individual defendants I believe would be able to avoid paying a six figure judgment.  I think this is a fair and good compromise of my client's claims.  My only interest is getting my client a good settlement and sharing in that recovery on a contingent fee basis as per my retainer agreement.  That is what I am doing here.

  The amount of the attorneys' fee is fair. Of the $31,000. The attorney's fee in this case is calculated as one-third of the settlement amount, after deducting expenses incurred in filing this action.

  As demonstrated above, the settlement that the parties seek approval from this honorable Court is a result of substantial negotiations and consists of fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. The parties believe that the settlement is completely fair, reasonable, and adequate to the plaintiff and respectfully request that the Court approve the Agreement.

           Respectfully Submitted,
           Law Office of Mohammed Gangat

           _____
           Mohammed Gangat, Esq.